IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EYESMATCH LTD. and<br>MEMOMI LABS INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-111 (RGA) |
| | ) | |
| FACEBOOK, INC., INSTAGRAM, LLC<br>and WHATSAPP INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

<table>
<tr>
<td></td>
<td>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Jack B. Blumenfeld (#1014)<br>Karen Jacobs (#2881)<br>Cameron P. Clark (#6647)<br>1201 North Market Street</td>
</tr>
<tr>
<td>OF COUNSEL:</td>
<td>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200</td>
</tr>
<tr>
<td>Heidi Keefe<br>Reuben H. Chen<br>Lowell Mead<br>Elizabeth Stameshkin<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304-1130<br>(650) 843-5000</td>
<td>jblumenfeld@morrisnichols.com<br>kjacobs@morrisnichols.com<br>cclark@morrisnichols.com<br><br>*Attorneys for Defendants*</td>
</tr>
</table>

March 22, 2021

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................. 1

II.    NATURE AND STAGE OF PROCEEDINGS .................................................... 1

III.   SUMMARY OF ARGUMENT ............................................................................ 1

IV.   STATEMENT OF FACTS .................................................................................. 2

     A.    The Asserted Patents ............................................................................... 2

     B.    The Accused Products .............................................................................. 4

     C.    Plaintiffs' Indirect Infringement Allegations .......................................... 6

V.    ARGUMENT ....................................................................................................... 7

     A.    Plaintiffs Fail to Plausibly Plead Pre-Suit Indirect Infringement. ......... 7

     B.    Plaintiffs Fail to Plausibly Plead Post-Suit Indirect Infringement. ........ 8

     C.    Plaintiffs Fail to Plausibly Plead Contributory Infringement. ............... 9

VI.   CONCLUSION ................................................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acceleration Bay LLC v. Activision Blizzard Inc.*,
  C.A. No. 15-228-RGA, 2015 U.S. Dist. LEXIS 199457 (D. Del. June 22,
  2015) ...................................................................................................................12

*B# on Demand LLC v. Spotify Tech. S.A.*,
  484 F.Supp.3d 188 (D. Del. 2020) ..............................................................8, 9

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ..........................................................9, 10, 11, 13

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015) .............................................................................8

*Deere & Co. v. AGCO, Corp.*,
  C.A. No. 18-827-CFC, 2019 WL 668492 (D. Del. Feb. 19, 2019) ...........................9

*Dynamic Data Techs., LLC v. Brightcove, Inc.*,
  C. A. No. 19-1190-CFC, 2020 WL 4192613 (D. Del. July 21, 2020)..........................9

*Execware, LLC v. Staples, Inc.*,
  C.A. No. 11-836-LPS-SRF, 2012 WL 6138340 (D. Del. Dec. 10, 2012) ....................12

*Linear Tech. Corp. v. Impala Linear Corp.*,
  379 F.3d 1311 (Fed. Cir. 2004)...................................................................12

*Nuance Commc'ns Inc. v. Tellme Networks Inc.*,
  707 F. Supp. 2d 472 (D. Del. 2010).............................................................13

*Pragmatus Telecom, LLC v. Ford Motor Co.*,
  C.A. No. 12-92-RGA, 2012 WL 2700495 (D. Del. July 5, 2012)...........................13

*SIPCO, LLC v. Streetline, Inc.*,
  C.A. No. 16-830-RGA, 2018 WL 762335 (D. Del. Feb. 7, 2018) ...........................14

*Uniloc 2017 LLC v. ZenPayroll Inc.*,
  C.A. No. 19-1075-CFC-SRF, 2020 WL 4260616 (D. Del. July 23, 2020) ...............10, 11

*Valinge Innovation AB v. Halstead New England Corp.*,
  C.A. No. 16-1082-LPS-CJB, 2017 WL 5196379 (D. Del. Nov. 9, 2017)..................10

*Valmont Indus., Inc. v. Lindsay Corp.*,
  C.A. No. 15-042-LPS-CJB, 2018 WL 503255 (D. Del. Jan. 22, 2018) .....................10, 11

**TABLE OF AUTHORITIES**

(continued)

**Page(s)**

*Varian Med. Sys., Inc. v. Elekta AB*,
    C.A. No. 15-871-LPS, 2016 WL 3748772 (D. Del. July 12, 2016) .......................................13

*VLSI Tech. LLC v. Intel Corp.*,
    CV 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019)..................................................8

*Zapfraud, Inc. v. Barracuda Networks, Inc.*,
    No. CV 19-1687-CFC-CJB, 2020 WL 5646375 (D. Del. Sept. 22, 2020) ..............................9

**Statutes**

35 U.S.C. § 271(c) ...........................................................................................................7, 13

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...........................................................................................................1

## I.      INTRODUCTION

Plaintiffs' complaint fails to state a claim for indirect infringement.  As an initial matter, indirect infringement requires awareness of the patents being infringed but the complaint does not allege that Defendants were aware of any asserted patent before this lawsuit was filed.  Although the complaint speculates that Defendants might in the future engage in indirect infringement, it does not state any actionable claim based on facts that have already occurred.

Beyond that, Plaintiffs' purported claim for contributory infringement fails in multiple additional ways.  Indeed, the complaint's allegations on contributory infringement are internally self-contradictory, defeating any plausible claim.

For these reasons, the complaint's claims for indirect infringement should be dismissed.

## II.     NATURE AND STAGE OF PROCEEDINGS

Plaintiffs EyesMatch Ltd. and Memomi Labs, Inc. (collectively "Plaintiffs") filed their original complaint on January 28, 2021.  D.I. 1.  Defendants Facebook, Inc., Instagram, LLC and WhatsApp Inc. (collectively "Defendants") have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure under *Iqbal/Twombly* for failure to state a plausible claim.  This is Defendants' opening brief in support of their motion.

## III.    SUMMARY OF ARGUMENT

1.      Plaintiffs' allegation that Defendants had committed inducement and contributory infringement prior to the filing of this lawsuit fails to state a plausible claim for pre-suit indirect infringement because the complaint does not allege that Defendants had any awareness of the asserted patents before this case was filed.

2.      Plaintiffs' allegation that Defendants will, in the future, induce and contribute to infringement fails to state a plausible claim for post-suit indirect infringement where the complaint does not allege that Defendants performed any activity that could give rise to liability.

3.      Plaintiffs fail to state a plausible claim for contributory infringement because the complaint fails to sufficiently allege any component with no substantial non-infringing uses, fails to plausibly show the existence of a direct infringer, and fails to allege facts plausibly showing that Defendants sold, offered for sale, or imported any of the components that allegedly contribute to infringement.

## IV.    STATEMENT OF FACTS

### A.      The Asserted Patents

Plaintiffs assert four related patents generally concerning capturing images and displaying "mirror" images.  D.I. 1, Exs. A-D.  Plaintiffs assert that Defendants directly and indirectly infringe at least independent claims 1 and 12 of U.S. Patent No. 8,624,883, claim 1 of U.S. Patent No. 7,948,481, claim 1 of U.S. Patent No. 8,982,109, and claim 1 of U.S. Patent No. 8,982,110.  D.I. 1, *passim*; D.I. 1, Exs. E-KK (infringement allegation claim charts).

The '883 and '481 patents share substantially the same written description filed in March 2006 and claim priority to provisional applications filed in March 2005.  For purposes of the present motion, claim 1 of the '883 patent is exemplary of these two patents.  The claim recites a system to "enable appearance comparison" that can capture and store video, operate in a "mirror mode," in a "display mode," or in both modes, and display a "mirrored image" of a video:

> 1. A system to enable appearance comparison, the system comprising:
>
> at least one interactive imaging and display station connected to a network, the station comprising:
>
> a mirror-display device capable of selectably operating in mirror mode, a display mode, or both a mirror and a display mode;
>
> an imaging device to capture video of one or more appearances from a field-of-view in front of said mirror-display device;
>
> a storage device to store the video; and

> an image control unit to select the mode of operation of said
> mirror-display device according to a user command, and to display
> a mirrored image of the video retrieved from the storage device.

D.I. 1, Ex. A ('883 patent), claim 1; *see also* D.I. 1, Ex. B ('481 patent), claim 1.  Figure 2B,

reproduced below, shows an exemplary embodiment.



*FIG.2B*

In this embodiment, a user **111** stands in front of station **110**.  Imaging device **130** captures images

of the user.  The station's mirror-display device **140** may display a current "mirror" image of the

user trying on certain apparel (shown in frame **192**) and a previously-captured image of the user

trying on different apparel in (shown in frame **191**).  The system thereby purportedly enables "side-

by-side" comparison between a first trial and a second trial.  *See* '883, col. 10:48-65.

The '109 and '110 patents are continuations-in-part that claim priority to a provisional

application filed in December 2012.  These patents provide additional content relating to image

transformations to provide "mirror" images.  For purposes of the present motion, claim 1 of the

'109 patent is exemplary of these two patents.  The claim recites steps including obtaining a digital

image, reversing it, modifying it so that it "appears to mimic a reflection of a mirror," and

performing additional operations.

1. A method for operating a system having a monitor, a camera, and a processor, so as to display a mirror-mimicking image on the monitor, by performing non-ordered steps comprising:

obtaining a digital image from a camera;

flipping the image about a vertical axis so as to reverse right and left sides of the image;

applying a transformation mapping to the image to modify the image such that it appears to mimic a reflection of a mirror;

resizing the image to reduce variations caused by changes in object's distance to the camera;

displaying the image on the monitor after performing the flipping, transformation mapping, and resizing;

wherein the non-ordered steps are performed on a series of images of a live video feed from the camera;

determining distance to a user appearing in the live video feed; and,

varying rate at which the non-ordered steps are performed on the series of images according to the distance.

D.I. 1, Ex. C ('109 patent), claim 1; *see also* D.I. 1, Ex. D ('110 patent), claim 1.

As shown in the claims, while the claimed inventions recite desired functional results for capturing images with a camera, they also recite additional desired results for "mirror" imaging that would not be satisfied by simply taking a photo of an object.[1]

### B.     The Accused Products

The complaint accuses Defendants of infringing by providing software applications including mobile apps (Facebook, Messenger, Instagram, and WhatsApp apps) with various features.   D.I. 1, ¶¶ 19, 22, 27-30.   The complaint also accuses Facebook of infringement in connection with the Facebook Portal product line.   *Id*., ¶¶ 19, 27.

---

[1] Defendants reserve the right to address ineligibility under § 101 at a later stage of the case.

The materials cited in the complaint show that the accused products have multiple non-accused, non-infringing functions and features.  For example, the mobile applications include functions such as recording voice messages, sending "stickers," making payments, and playing games as well as taking and sending photos and videos:



Declaration of Lowell D. Mead ("Mead Decl."), Ex. 1.[2]  As another example, the Portal webpage cited in the complaint discusses Portal devices' integration with Alexa for voice control features for activities such as listening to music:

---

[2] Webpage at https://www.facebook.com/help/messenger-app/iphone/345021679200618/?helpref=hc_fnav, cited at D.I. 1, ¶ 91, n.9.

> # Alexa Built-in
>
> Portal comes with Alexa Built-in, so you can see and do more. Use your voice to control your smart home and check who's at the front door, listen to your favorite music, watch the news and more, hands-free. Just ask.

Mead Decl., Ex. 2.[3]  As a further example, a video demonstration cited in the complaint shows a smartphone using a mobile app to take a photo with a rear-facing camera as opposed to a user-facing camera that would be used for any alleged "mirror" imaging function:



Mead Decl., Ex. 3.[4]

### C.    Plaintiffs' Indirect Infringement Allegations

Plaintiffs allege that Defendants directly and indirectly infringe the four asserted patents. The direct infringement allegations focus on alleged internal use by Defendants' employees such as "for internal testing and development and for internal corporate communication."  D.I. 1, ¶¶ 90,

---

[3] Webpage at https://portal.facebook.com/, cited at D.I. 1, ¶ 83.
[4] Video at https://www.youtube.com/watch?v=PzBNOA0K3XU&ab_channel=FacebookApp, cited at D.I. 1, ¶ 91, n.10.

99, 108, 117, 126, 135, 144, 154, 163.  Plaintiffs also allege that Defendants knowingly induced and contributed to direct infringement by third parties.  However, the complaint does not allege that Defendants had any awareness of the asserted patents prior to the filing of this lawsuit.

With respect to inducement, the complaint alleges that each defendant "has induced" infringement and will in the future "continue[]" to induce infringement.  D.I. 1, ¶¶ 91, 92, 100, 101, 109, 110, 118, 119, 127, 128, 136, 137, 145, 147, 155, 156, 164, 165.

With respect to contributory infringement, the complaint repeats similar cursory allegations for each patent and defendant that take the following form:

> On information and belief, Facebook has contributed and continues to contribute to the infringement of the 109 Patent, including infringement of at least Claim 1, pursuant to 35 U.S.C. § 271(c) by, without authority, selling and/or offering to sell within the United States, importing, and/or supplying material components of the claimed method, such as its client software for use with mobile devices, its Portal devices, and servers and other network infrastructure equipment that enables customers to engage in capturing, comparing, displaying, and/or manipulating images. The Facebook App, Messenger App, and Portal contain software components that are especially made for or adapted for use to infringe the claims of the 109 Patent, and are not a staple article of commerce and are not suitable for substantial non-infringing use. When, for example, the Facebook client software for use with mobile devices, and servers and other network infrastructure equipment are used to enable capturing, comparing, displaying, and/or manipulating images, each step of the claimed method is performed, thereby infringing, literally or under the doctrine of equivalents, at least Claim 1 of the 109 Patent. On information and belief, Facebook knows, at least as of the date of this Complaint, that these components are especially made and/or especially adapted for use in infringing the 109 Patent.

D.I. 1, ¶ 111; *id.*, ¶¶ 93, 102, 120, 129, 138, 148, 157, 166.

## V.    ARGUMENT

### A.    Plaintiffs Fail to Plausibly Plead Pre-Suit Indirect Infringement.

The complaint provides no basis for its claims of pre-suit indirect infringement.  "Induced

infringement and contributory infringement require both knowledge of the patents in suit and knowledge of patent infringement." *VLSI Tech. LLC v. Intel Corp.*, CV 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (quoting *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015)) (internal brackets omitted).

Plaintiffs allege that each Defendant "has induced" and "has contributed" to infringement prior to the filing of the complaint. D.I. 1, ¶¶ 91-93, 100-102, 109-111, 118-120, 127-129, 136-138, 145-148, 155-157, 164-166. However, Plaintiffs do not allege that Defendants were aware of the patents prior to that time. *B# on Demand LLC v. Spotify Tech. S.A.*, 484 F.Supp.3d 188, 206 (D. Del. 2020) (granting dismissal where the "[a]llegations of indirect infringement and willfulness [were] insufficient at a minimum because there is no factual content in the complaint . . . that alleges any non-conclusory basis for pre-suit knowledge of any of the patents-in-suit."). On the contrary, the complaint alleges only that Defendants gained awareness of the patents "as of the date of the filing of this Complaint." D.I. 1, ¶¶ 92, 93, 101, 102, 110, 111, 119, 120, 128, 129, 137, 138, 147, 148, 156, 157.

### B.   Plaintiffs Fail to Plausibly Plead Post-Suit Indirect Infringement.

The complaint improperly attempts to bootstrap itself into claims for indirect infringement based on future activities that had not occurred when the complaint was filed. The complaint alleges that it provided notice of infringement and that each defendant will later "continue[]" to induce and contribute to infringement. D.I. 1, ¶¶ 91-93, 100-102, 109-111, 118-120, 127-129, 136-138, 145-148, 155-157, 164-166. But that future-looking speculation fails to properly allege any facts that have already occurred that give rise to liability:

> [A] party cannot plausibly claim in a complaint that its adversary had knowledge of infringement of the patent-in-suit (required for both induced and contributory infringement claims) or had the specific intent to encourage another's infringement (required for an induced infringement claim) when, prior to the very moment that

> this complaint was filed, its adversary had never actually: (1) been aware of the patent's existence; (2) known that the patent was being infringed; or (3) intended that anyone infringe the patent. A plaintiff's claim of indirect infringement in such circumstances sounds to the Court like a hypothetical assertion about what *might or might not happen in the future*, not a plausible claim about what *in fact has already happened.*

*Zapfraud, Inc. v. Barracuda Networks, Inc.*, No. CV 19-1687-CFC-CJB, 2020 WL 5646375, at \*2 (D. Del. Sept. 22, 2020) (italics in original) (recommending dismissing "post-suit" indirect infringement claims). "The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim." *Dynamic Data Techs., LLC v. Brightcove, Inc.*, C. A. No. 19-1190-CFC, 2020 WL 4192613, at \*3 (D. Del. July 21, 2020). The complaint's allegations that Defendants became aware of their alleged infringement "as of the filing of the Complaint . . . do not plead knowledge of infringement because the complaint itself cannot serve as the basis for a defendant's actionable knowledge." *Id.* (dismissing post-suit indirect infringement claims) (citation omitted); *B# on Demand*, 484 F.Supp.3d at 206 (dismissing indirect infringement claims where complaint did not sufficiently allege "pre-suit knowledge of any of the patents-in-suit").

### C. Plaintiffs Fail to Plausibly Plead Contributory Infringement.

The complaint's purported claims for contributory infringement suffer from additional deficiencies. First, the complaint fails to "plead facts that allow an inference that the components sold or offered for sale have no substantial noninfringing uses." *Deere & Co. v. AGCO, Corp.*, C.A. No. 18-827-CFC, 2019 WL 668492 (D. Del. Feb. 19, 2019) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012)). "Where the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie." *In re Bill of Lading*, 681 F.3d at 1338. The complaint alleges that Defendants contribute to infringement by supplying (1) server-side components ("servers and other network infrastructure equipment") and (2) and client-side

components (such as "client software for use with mobile devices" and Portal devices).  D.I. 1, ¶¶ 93, 102, 111, 120, 129, 138, 148, 157, 166.  However, the complaint does not allege that any accused server-side components have no substantial non-infringing uses.  *See id*.  For the client-side components, the complaint states only the same boilerplate conclusion for all four patents that some unspecified "software components" are "not suitable for substantial non-infringing use."  *See id*.  No factual detail is provided that would plausibly support a finding that any unspecified "software components" have no substantial non-infringing uses.  *Uniloc 2017 LLC v. ZenPayroll Inc.*, C.A. No. 19-1075-CFC-SRF, 2020 WL 4260616, at *6 (D. Del. July 23, 2020) (dismissing contributory infringement claim where complaint failed to sufficiently "identify[] how any component part of the [accused] platform has 'no substantial non-infringing uses'" with "conclusory allegations" that did not provide "any factual information permitting the court to draw such an inference"), *adopted by* 2020 WL 5077416 (D. Del. Aug. 27, 2020); *Valmont Indus., Inc. v. Lindsay Corp.*, C.A. No. 15-042-LPS-CJB, 2018 WL 503255, at *4 (D. Del. Jan. 22, 2018) (dismissing contributory infringement claim—"While Plaintiff does allege baldly in the FAC that the [accused] products 'cannot be used but to infringe' the patent-in-suit . . . it does not plead enough facts for the Court to understand how it is plausible that this is so"), *adopted by* 2018 WL 10883666 (D. Del. Mar. 26, 2018); *Valinge Innovation AB v. Halstead New England Corp*., C.A. No. 16-1082-LPS-CJB, 2017 WL 5196379, at *4 (D. Del. Nov. 9, 2017) (dismissing complaint that "would need to at least plead some additional facts that make clear *why* the accused products have no substantial non-infringing use") (emphasis added), *adopted by* 2018 WL 11013902 (D. Del. Jan. 10, 2018).

In addition, the complaint itself defeats any claim for contributory infringement by indicating that the unidentified "software components" do in fact have substantial non-infringing

uses.  *In re Bill of Lading*, 681 F.3d at 1337-38 (affirming dismissal where complaints "actually ma[de] clear on their face that [the accused] products do have substantial non-infringing uses"). The complaint alleges that the "software components" cause infringement by enabling "capturing, comparing, displaying, and/or manipulating images."  D.I. 1, ¶¶ 93, 102, 111, 120, 129, 138, 148, 157, 166.  But merely capturing, comparing, displaying, or manipulating an image as alleged— which could be simply taking a photo with a rear-facing camera—does not necessarily result in infringement of the asserted patents.  For example, the '109 and '110 patents recite various steps including "transformation mapping" of a "live video feed" or "stream of images" to "modify the image such that it appears to mimic a reflection of a mirror" or otherwise "change[] imaging perspective" and other functions.  *See* '109 patent, claim 1; '110 patent, claim 1.  The '481 and '883 patent claims similarly recite functional features beyond merely capturing an image, such as a "mirror mode" and display of a "mirrored image."  *See* '481 patent, claim 1; '883 patent, claims 1 and 12.  As such, the complaint itself "supplies the very facts which defeat [the] claims of contributory infringement."  *In re Bill of Lading*, 681 F.3d at 1337-38 (affirming dismissal of contributory infringement claims where materials "attached to the amended complaints[] contain repeated descriptions of non-infringing uses"); *Uniloc*, 2020 WL 4260616, at *6 (dismissing contributory infringement claim where plaintiff's "allegations establish that [the accused] products have a substantial noninfringing use").  The webpages and videos cited in the complaint further show that the accused software applications have various substantial non-infringing uses, including taking photos with a rear-facing camera as well as features such as recording voice messages and controlling music playing with Alexa.  *In re Bill of Lading*, 681 F.3d at 1337-38; *Valmont Indus.*, 2018 WL 503255, at *4 (dismissing contributory infringement claim for failure to sufficiently plead "no substantial non-infringing use" where webpages cited in complaint show

- 11 -

that "the software at issue seems to have functions other than" allegedly infringing functions).

      The complaint also fails to plausibly allege the existence of a direct infringer, which is a necessary predicate to contributory infringement. *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) ("There can be no inducement or contributory infringement without an underlying act of direct infringement."); *Acceleration Bay LLC v. Activision Blizzard Inc.*, C.A. No. 15-228-RGA, 2015 U.S. Dist. LEXIS 199457, at *1 (D. Del. June 22, 2015) (granting "dismissal of the indirect infringement counts" because they "do not plausibly allege that there are any direct infringers").  The complaint alleges that when Defendants supply both client-side components used by end-user individuals (*e.g.*, mobile apps) and server-side components in a network ("servers and other network infrastructure equipment"), "the claimed system is completed or the claimed method is performed, thereby infringing" the patents.  D.I. 1, ¶¶ 93, 102, 111, 120, 129, 138, 148, 157, 166.  However, the complaint's passive-voice allegations do not identify *who* might be "thereby infringing" as an alleged direct infringer.  *Acceleration Bay*, 2015 U.S. Dist. LEXIS 199457 at *1 (the "allegations of direct infringement in the indirect infringement accounts seem designed to obscure what Plaintiff's theory is rather than to elucidate it"); *Execware, LLC v. Staples, Inc.*, C.A. No. 11-836-LPS-SRF, 2012 WL 6138340, at *3 (D. Del. Dec. 10, 2012) (dismissing complaint alleging that defendant "induced and contributed to infringement by 'offering to its customers use of its software'" with the intent that the software be used to infringe but not alleging that defendant's "customers actually used the accused software, or that [the defendant] caused its customers to directly infringe"), *adopted by* 2013 WL 171906 (D. Del. Jan. 16, 2013).  The complaint does not raise a plausible inference that any particular person or entity has directly infringed by making, using, selling, offering for sale, or importing an infringing product or system that includes both the client-side and server-side components.

*Pragmatus Telecom, LLC v. Ford Motor Co.*, C.A. No. 12-92-RGA, 2012 WL 2700495, at * 1 & n.3 (D. Del. July 5, 2012) (granting dismissal due to absence of "allegations of direct infringement accompanying the allegations of indirect infringement" where the allegation that the defendant "intended that its customers ... 'go on to [the defendant's] website' to infringe [was] not the same thing as saying '[defendant's] customers infringe the patents by using the websites'") (citation omitted); *Varian Med. Sys., Inc. v. Elekta AB*, C.A. No. 15-871-LPS, 2016 WL 3748772, at *3-4 (D. Del. July 12, 2016) (dismissing indirect infringement allegations that failed to "plausibly suggest that a third party has directly infringed the patent"), *adopted by* 2016 WL 9307500 (D. Del. Dec. 22, 2016).

Finally, the complaint improperly accuses Defendants of contributory infringement by selling, offering to sell, importing, "and/or supplying" the server-side and client-side components. D.I. 1, ¶¶ 93, 102, 111, 120, 129, 138, 148, 157, 166.  However, contributory infringement liability requires that the accused infringer "*offers to sell or sells* within the United States or *imports* into the United States" an accused component, material, or apparatus.  35 U.S.C. § 271(c) (emphasis added); *In re Bill of Lading*, 681 F.3d at 1337, n.4.  Merely "supplying" a component without selling, offering to sell, or importing it cannot constitute contributory infringement.  *See id.*; *Nuance Commc'ns Inc. v. Tellme Networks Inc.*, 707 F. Supp. 2d 472, 487 (D. Del. 2010) (granting summary judgment of no contributory infringement where defendant merely "hosted services" for customers who had a "right to use [defendant's] hardware and software").  Nowhere does the complaint allege specific facts supporting an inference that Defendants sold, offered for sale, or imported either the accused server-side components or the accused client-side components.[5]  *Cf.*

---

[5] The complaint separately alleges that Facebook sells complete Portal devices as part of a direct infringement allegation.  D.I. 1, ¶¶ 99, 109.

*SIPCO, LLC v. Streetline, Inc.*, C.A. No. 16-830-RGA, 2018 WL 762335, at *1 (D. Del. Feb. 7, 2018) (dismissing direct infringement claim where complaint did not allege facts supporting an inference that defendants had sold or offered for sale the accused product).

## VI.   CONCLUSION

For the foregoing reasons, Defendants request that the Court dismiss Plaintiffs' claims for indirect infringement.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

_____

OF COUNSEL:

Heidi Keefe
Reuben H. Chen
Lowell Mead
Elizabeth Stameshkin
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000

March 22, 2021

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 22, 2021, upon the following in the manner indicated:

Brian E. Farnan, Esquire                                  *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Street
Wilmington, DE  19801
*Attorneys for Plaintiffs*

Matthew D. Powers, Esquire                                *VIA ELECTRONIC MAIL*
William P. Nelson, Esquire
Natasha M. Saputo, Esquire
Gina Cremona, Esquire
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA  94065
*Attorneys for Plaintiffs*

/s/ Karen Jacobs
_____
Karen Jacobs (#2881)