# EXHIBIT A

REPORT AND RECOMMENDATION: Defendant has moved to dismiss Plaintiff's claims of indirect infringement. (C.A. No. 20-1228, D.I. 12; C.A. No. 20-1229, D.I. 12; C.A. No. 20-1231, D.I. 12; C.A. No. 20-1232, D.I. 12; C.A. No. 20-1233, D.I. 11.) Defendant's alleged knowledge of the asserted patents is based solely on Plaintiff's pleadings in the respective infringement lawsuits. Accordingly, I recommend to Judge Connolly that, if he intends to follow his rule set forth in Zapfraud, Inc. v. Barracuda Networks, Inc., Defendant's motions to dismiss Plaintiff's indirect infringement claims should be granted, and that the indirect infringement claims should be dismissed without prejudice. See No. 19-1687-CFC-CJB, 2021 WL 1134687, at *4 (D. Del. Mar. 24, 2021) ("[I]n the absence of binding authority to the contrary from the Federal Circuit and Supreme Court, I will adopt the rule that the operative complaint in a lawsuit fails to state a claim for indirect patent infringement where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit."). Please note that when filing Objections pursuant to Federal Rule of Civil Procedure 72(b)(2), briefing consists solely of the Objections (no longer than ten (10) pages) and the Response to the Objections (no longer than ten (10) pages). No further briefing shall be permitted with respect to objections without leave of the Court. (*Objections to R&R due by 6/4/2021). ORDERED by Judge Jennifer L. Hall on 5/21/2021. Associated Cases: 1:20-cv-01228-CFC-JLH, 1:20-cv-01229-CFC-JLH, 1:20-cv-01231-CFC-JLH, 1:20-cv-01232-CFC-JLH, 1:20-cv-01233-CFC-JLH(ceg) (Entered: 05/21/2021)

As of May 24, 2021, PACER did not contain a publicly available document associated with this docket entry. The text of the docket entry is shown above.

*WSOU Investments LLC d/b/a Brazos Licensing and Development v. Xilinx, Inc.*
1-20-cv-01228 (DDE), 5/21/2021, docket entry 36